IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LAMAR LOVETT #1687455 | § | |
| | § | |
| V. | § | A-16-CA-1243-LY |
| | § | |
| STATE OF TEXAS and | § | |
| COUNTY OF TRAVIS | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

The Court submits this Report and Recommendation to the District Judge pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Rules. Before the Court is Plaintiff's complaint. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Wynne Unit of the TDCJ-CID. Plaintiff sues the State of Texas and Travis County. He alleges the grand jury selection procedures in his case were unlawful and the indictment unconstitutional. Specifically, he contends the grand jury foreman was a county official. Plaintiff also believes he has evidence that the Travis County Grand Jury was corrupt during his indictment. Plaintiff seeks monetary damages and the dismissal of his indictments.

DISCUSSION AND ANALYSIS

A. Standard Under 28 U.S.C. § 1915(e)

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief

may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986). When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. Haines v. Kerner, 404 U.S. 519 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

### B. Eleventh Amendment Immunity

The State of Texas is immune from suit. The Eleventh Amendment generally divests federal courts of jurisdiction to entertain suits directed against states. Port Auth. Trans-Hudson v. Feeney, 495 U.S. 299, 304 (1990). Accordingly, the Court is without jurisdiction with respect to Plaintiff's claims against the State.

### C. Heck v. Humphrey

Insofar as Plaintiff is seeking monetary damages regarding his alleged illegal confinement, Plaintiff's claims must be dismissed pursuant to Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) and the Fifth Circuit's application of Heck to state prisoner § 1983 lawsuits in Boyd v. Biggers, 31 F.3d 279 (5th Cir. 1994). In Heck, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

Plaintiff was convicted of one count of attempted capital murder, two counts of aggravated sexual assault, and one count of aggravated assault. Ex parte Lovett, No. WR-76,670-06, 2016 WL 240738 at, *1 (Tex. Crim. App. 2016). He was sentenced to 70 years for the attempted capital murder, 50 years each for the aggravated sexual assaults, and 20 years for assault. Id. On January 13, 2016, the Texas Court of Criminal Appeals found the assault conviction violated the Double Jeopardy Clause and vacated that conviction. Id. Plaintiff does not allege that his remaining convictions have been reversed, expunged, invalidated, or called into question by a federal court's issuance of writ of habeas corpus. Accordingly, Plaintiff's claims for monetary damages regarding his alleged illegal confinement should be dismissed without prejudice to refile once the conditions of Heck are met.

    D.    Habeas Claims

To the extent Plaintiff seeks the dismissal of his indictments, he must seek such relief in an application for habeas corpus relief after he has exhausted his state court remedies. The exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release is habeas corpus relief. Preiser v. Rodriguez, 411 U.S. 475, 488-490 (1973). The Court declines to construe this action as a request for habeas corpus relief. If Plaintiff did not intend for this action to be an application for habeas corpus relief pursuant to 28 U.S.C. § 2254, any subsequently filed applications could be subject to the restrictions on "second or successive" motions. See e.g. Castro v. United States, 540 U.S. 375 (2003). In addition, Plaintiff already has pending an application for habeas corpus relief in Cause No. A-16-CV-1186-LY.

RECOMMENDATION

The undersigned **RECOMMENDS** that Plaintiff's claims against the State of Texas be dismissed without prejudice for want of jurisdiction, Plaintiff's claims against Travis County for

monetary relief be dismissed as frivolous but without prejudice to refiling if the conditions of <u>Heck</u> are met, and Plaintiff's claims against Travis County for habeas corpus relief be dismissed without prejudice to pursuing his habeas claims in his application for habeas corpus relief filed in Cause No. A-16-CV-1186-LY.

It is **FURTHER RECOMMENDED** that the Court include within its judgment a provision expressly and specifically warning Plaintiff that filing or pursuing any further frivolous lawsuits may result in (a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

It is **FURTHER RECOMMENDED** that Plaintiff should be warned that for causes of action which accrue after June 8, 1995, the Texas Department of Criminal Justice, upon receipt of a final order of a state or federal court that dismisses as frivolous or malicious a lawsuit brought by an inmate while the inmate was in the custody of the Department or confined in county jail awaiting transfer to the Department following conviction of a felony or revocation of community supervision, parole, or mandatory supervision, is authorized to forfeit (1) 60 days of an inmate's accrued good conduct time, if the Department has previously received one final order; (2) 120 days of an inmate's accrued good conduct time, if the Department has previously received two final orders; or (3) 180 days of an inmate's accrued good conduct time, if the Department has previously received three or more final orders.  <u>See</u>, TEX. GOV'T CODE ANN. § 498.0045 (Vernon 1998).

Finally, it is **RECOMMENDED** that Plaintiff be warned that if he files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g). In the event this Report and Recommendation is adopted, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the TDCJ - Office of the General Counsel and the Pro Se Clerk for the United States District Court for the Eastern District of Texas.

### OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

SIGNED this 28th day of November, 2016.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE